IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

REGINALD D. RICHARDSON                                                              PLAINTIFF

v.                                          Case No. 4:19-cv-4095

TRI-STATE IRON AND METAL CO.                                                        DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed June 8, 2020, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 40). Plaintiff has filed objections to the Report and Recommendation. (ECF No. 44). The Court finds this matter ripe for consideration.

## BACKGROUND

This is an employment discrimination and retaliation action. Plaintiff, an African American, is currently incarcerated in the Arkansas Department of Correction, Wrightsville Unit. At all times relevant, Plaintiff was participating in a work-release program where he was employed at Defendant's scrap metal processing facility. Plaintiff alleges that he was subject to workplace discrimination on account of his race and that he was terminated in retaliation for one of his coworkers complaining to a supervisor about racial discrimination. Plaintiff alleges that Defendant's conduct violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1981; and the Arkansas Civil Rights Act of 1993, Ark. Code Ann. §16-123-101 *et seq.*

On December 17, 2019, Defendant filed the instant Motion for Judgment on the Pleadings, arguing that Plaintiff's Complaint should be dismissed. (ECF No. 23). The Court referred the matter to Magistrate Judge Barry A. Bryant for the purposes of making a report and recommendation. Judge Bryant recommends that Defendant's Motion for Judgment on the

Pleadings be granted in part and denied in part. Specifically, Judge Bryant recommends that Plaintiff's retaliation claim be dismissed and that Plaintiff's discrimination/hostile work environment claim be allowed to proceed. On June 26, 2020, Plaintiff objected to the Report and Recommendation, arguing that he alleged facts sufficient to state a claim for retaliation. On June 30, 2020, Defendant filed a motion to strike the exhibits Plaintiff attached to his objections.[1] On July 7, 2020, Defendant filed another motion, arguing that the Court should overrule Plaintiff's objections.

## LEGAL STANDARD

### A. Review of Magistrate's Report and Recommendation

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). Moreover, non-specific objections may require "full *de novo* review" if the record is concise. *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) (requiring *de novo* review when the record was "strikingly brief" and magistrate judge did not conduct a hearing).

In the absence of any objections, the Court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Indeed, the Supreme Court has suggested that no review is required at all in the absence of objections. *See id.* at 149-50 ("We are therefore not persuaded that [section 636(b)(1)]

---

[1] The filing was docketed as a response to Plaintiff's objections. However, the document moves the Court to strike certain exhibits Plaintiff attached to his objections. Therefore, Court construes the response as a motion seeking relief.

positively requires some lesser review by the district court when no objections are filed."); *see also id*. at 153 ("It seems clear that Congress would not have wanted district judges to devote time to reviewing magistrate's reports except to the extent that such review is requested by the parties or otherwise necessitated by Article III of the Constitution."). However, the Eighth Circuit has since instructed that district courts should apply a "clearly erroneous" standard of review to the portions of a magistrate judge's report and recommendation to which no objections have been made. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). In doing so, the Court "need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note, subd. (b).

### B. Judgment on the Pleadings

A party may move for judgment on the pleadings after the pleadings have closed. Fed. R. Civ. P. 12(c). In deciding a Rule 12(c) motion, courts apply the same legal standard used for a motion to dismiss under Rule 12(b)(6). *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). A pleading must state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this standard and to survive a Rule 12(b)(6) motion, a complaint need only state factual allegations sufficient to raise a right to relief above the speculative level that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Courts deciding a Rule 12(c) motion are required to accept as true the complaint's well-pled allegations and must resolve all inferences in the plaintiff's favor. *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). However, this tenet does not apply to legal conclusions, "formulaic

recitation of the elements of a cause of action," or naked assertions which are so indeterminate as to require further factual enhancement. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Wishnatsky*, 433 F.3d at 610.

## DISCUSSION

Under the familiar *McDonnell Douglas* burden-shifting framework, to make a *prima facie* case of unlawful workplace retaliation, Plaintiff must allege that he: (1) engaged in statutorily protected conduct; (2) suffered an adverse employment action; and (3) a causal connection exists between the two. *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 851 (8th Cir. 2005).

Judge Bryant recommends that Plaintiff's retaliation claim be dismissed because he did not allege that he engaged in protected conduct. In his objections, Plaintiff argues that he was terminated in retaliation for one of his co-workers engaging in protected conduct and that he adequately pleaded the circumstances of his termination in his Complaint.

The Court agrees with Plaintiff. In *Thompson v. North American Stainless, LP*, the Supreme Court held that there are instances where a third party's protected conduct can serve as the basis for a Title VII retaliation claim.[2] 562 U.S. 170, 177 (2011). *Thompson* did not establish a bright-line rule for when third-party relation is actionable. *Id.* Rather, it is a fact specific, case by case inquiry. *Id.* Thus, the Court finds that this issue would be more properly raised on

---

[2] Title VII, ACRA, and section 1981 claims are analyzed using the same analytical framework. *Ottman v. City of Independence, Mo.*, 341 F.3d 751, 756 (8th Cir. 2003) (applying the *McDonnell Douglas* burden-shifting test to a section 1983 claim); *Putman v. Unity Health Sys.*, 348 F.3d 732, 735 n.2 (8th Cir. 2003) (applying *McDonnell Douglas* to section 1981 claim); *Crone v. United Parcel Serv., Inc.,* 301 F.3d 942, 945 (8th Cir. 2002) (applying *McDonnell Douglas* to ACRA claim).

summary judgment instead of at the pleading stage. The Court further notes that "it is not appropriate to require a plaintiff to plead facts establishing a prima facie case" under *McDonnell Douglas*. *Wilson v. Ark. Dep't of Human Servs.*, 850 F.3d 368, 372 (8th Cir. 2017). Federal Rule of Civil Procedure 8(a) requires a complaint to contain a "short and plain statement of the claim showing" Plaintiff "is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give [Defendant] fair notice of what [Plaintiff's] claim is and the grounds upon which it rests." *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1014 (8th Cir. 2013) (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002)). Plaintiff's Complaint clearly alleges that his employment was terminated in retaliation for a coworker complaining to a supervisor about how African American employees were being treated. This is sufficient to put Defendant on notice.

Defendant has filed motions in response to Plaintiff's objections. The Court is unaware of, and Defendant has not cited to, any authority authorizing a response to objections to a Magistrate's Report and Recommendation. Assuming *arguendo* that Defendant's motions are properly before the Court, the Court finds that they must nonetheless be denied. As to Defendant's motion to strike, the Court did not consider any of Plaintiff's attached exhibits, and thus, the motion to strike should be denied as moot. As to Defendant's motion to overrule Plaintiff's objections, Defendant advances several fact-specific arguments that invite the Court to look past the content of the pleadings. These arguments are more appropriate at the summary judgment stage. Therefore, the Court finds that the motion to overrule Plaintiff's objections should be denied.

In sum, the Court finds that Plaintiff's objections should be sustained and declines to adopt Judge Bryant's Report and Recommendation insofar as it recommends dismissing Plaintiff's retaliation claim. The Court will adopt the Report and Recommendation insofar as it pertains to Plaintiff's discrimination/hostile work environment claim.

## CONCLUSION

For the above reasons, the Report and Recommendation (ECF No. 40) is hereby **ADOPTED IN PART**. The Court adopts the Report and Recommendation as to Plaintiff's discrimination/hostile work environment claim. The Court declines to adopt the Report and Recommendation as it pertains to Plaintiff's retaliation claim. Accordingly, Defendant's Motion for Judgment on the Pleadings (ECF No. 23) should be and hereby is **DENIED**. Defendant's motions in response to Plaintiff's objections (ECF Nos. 45 and 47) are also **DENIED**.

**IT IS SO ORDERED**, this 16th day of July, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge