IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

REGINALD RICHARDSON     PLAINTIFF

v.     Civil No. 4:19-cv-04095

TRI-STATE IRON and METAL CO.     DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant's Motion for Summary Judgment. ECF No. 60. Plaintiff has responded to the Motion. ECF No. 64. This matter has been referred to the undersigned, and it is now ripe for consideration.

**1. Background:**

Plaintiff filed his *pro se* Complaint on August 19, 2019. ECF No. 1. Plaintiff, an African American, is currently incarcerated in the Arkansas Department of Correction, Randall L. Williams Correctional Facility. Plaintiff, while incarcerated, was participating in a work-release program where he was employed at Defendant's scrap metal processing facility. In this Complaint, Plaintiff alleges he suffered from unlawful racial discrimination in the form of a racially hostile work environment and alleges he suffered from unlawful retaliation in the form of an unlawful discharge. *Id.* Plaintiff alleges the discrimination and retaliation against him, violated (1) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); (2) the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"); and, (3) the Arkansas Civil Rights Act of 1993, ARK. CODE ANN. § 16-123-101 et seq. ("ACRA"). Id. at p. 1. *Id.*

With this Motion, Defendant argues Plaintiff fails to plausibly establish the existence of any causal link between his race and the conduct about which he complains and fails to plausibly

establish that any of the terms and conditions of his employment with Defendant were harmed. ECF No. 60. Defendant also argues Plaintiff fails to establish he was engaged in any activity that is legally protected and failed to controvert evidence showing he was never fired. *Id.*

**2. Applicable Law:**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–324 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.*

When the summary judgment movants demonstrate the absence of a genuine dispute over any material fact, the burden shifts to the non-movant to show there is a genuine factual issue for trial. *Celotex*, 477 U.S. at 324. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir.1996). A court must draw all reasonable inferences in favor of the non-moving party. *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378 (Fed.Cir.2007).

**3. Discussion:**

**A. Hostile Work Environment**

Plaintiff claims racially charged language at work constituted a hostile work environment that violated Title VII and the Arkansas Civil Rights Act. A successful hostile-work-environment claim must show that: (1) Plaintiff belongs to a protected group; (2) Plaintiff experienced unwelcome harassment; (3) there was a causal link between the harassment and Plaintiff's

membership in the protected group; (4) the harassment affected a term, condition, or privilege of employment; and (5) Plaintiff's employer knew or should have known about the harassment and failed to take proper action. *Sallis v. Univ. of Minn.*, 408 F.3d 470, 476 (8th Cir.2005). The harassing conduct must be enough to create a hostile environment from the objective standpoint of a reasonable viewer and from the subjective standpoint of the Plaintiff. *Green v. Franklin Nat'l Bank*, 459 F.3d 903, 910 (8th Cir.2006) (quoting *Howard v. Burns Bros., Inc.*, 149 F.3d 835, 840 (8th Cir.1998)).

In order to find that harassment has affected a term, condition, or privilege of employment, the harassment must have been "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Malone v. Ameren UE*, 646 F.3d 512, 517 (8th Cir. 2011) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). "To decide whether a work environment is objectively offensive, ... we examine all the circumstances, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating or a mere offensive utterance, and whether the conduct unreasonably interfered with the employee's work performance." *Clay*, 754 F.3d at 540 (quoting *Singletary v. Mo. Dep't of Corr.*, 423 F.3d 886, 892–93 (8th Cir. 2005)). A hostile work environment does not exist where "offensive conduct consists of offhand comments and isolated incidents." *Id.*

In his Complaint, Plaintiff sets forth six instances to support the claim of unlawful racial discrimination in the form of a racially hostile work environment. They were as follows:

**i**. Plaintiff describes how his supervisor, Gary Griffin ("Griffin"), and he had an encounter where Griffin responded by saying "Why every time you kind … Hey from here on out when I ask you to do something don't respond just do it. If you do respond address me by saying yes sir, that is if you like working here." ECF No. 1, Pgs. 4-5.

  **ii.** Plaintiff describes a conversation with Griffin regarding the Super Bowl where Griffin refereed to Plaintiff as "you motherf***er." ECF No. 1, Pgs. 5-6.

  **iii.** Plaintiff states, that following the Super Bowl he learned from some night shift employees that Griffin had made "numerous derogatory statements indicating his dislike towards" him. Plaintiff states Griffin's dislike for him caused co-workers to be "reluctant to work with" him. ECF No. 1, Pgs. 6-7.

  **iv.** Plaintiff describes a time he was singing at work and Griffin responded by asking what Plaintiff was singing and stating Plaintiff sounded like a "f***ing idiot". ECF No. 1, Pgs. 7-8.

  **v.** Plaintiff describes a time he removed his hard hat because he was sweating profusely. Griffin became upset seeing Plaintiff not wearing his hard hat and said "Motherf***er I must have told your black ass a hundred times about wearing your P.P.E's (personal protective equipment) at all times while you are on the yard! Your kind don't ever f***ing listen!" I've told your monkey ass that the [safety inspection people] can pop up at any time, and if they see you without your P.P.E's on then they will fine us! Do you understand what the f*** I'm saying? We are not going to be fined because of your dumb ass…" ECF No. 1, Pgs. 8-11.

  **vi.** Plaintiff claims his employer, Tri-State Iron and Metal Company did not give him overtime work despite making a promise to do so. ECF No. 1, Pgs. 11-13.

  Plaintiff, in his deposition, added a seventh item in support of claim of a hostile work environment. In his deposition, Plaintiff described an incident with an employee of Defendant where the employee discussed with him a new time clock and referenced that the instructions on use were in English and Spanish. Plaintiff testified this employee then laughed about maybe putting the instructions in Ebonics. ECF No. 62-1, Pgs. 32-33.

Taking the facts in the light most reasonable to Plaintiff, the Court finds that Plaintiff has not set forth sufficient summary judgment evidence to show that the harassment affected a term, condition, or privilege of his employment. As to most of the incidents, he has also failed to demonstrate that the alleged behavior was based on race. One of the Plaintiff's allegations involve the term "black ass' and "monkey ass" which Plaintiff perceived to be racist. A second claim involved use of the term "Ebonics" by Defendant's Human Resource Manager. Even assuming the worst of such references, they did not occur with enough frequency or severity to sustain a hostile work environment claim in this case. Isolated "offensive utterances" cannot form the basis for a harassment claim. *See EEOC v. CRST Van Expedited, Inc*., 679 F.3d 657, 687 (8th Cir. 2012).

Further, Plaintiff failed to establish the alleged harassment affected a term, condition, or privilege of his employment with Defendant was harmed. Plaintiff complained that Defendant never called him in to work on Saturday for overtime work. ECF No. 1, Pgs. 11-13. Plaintiff alleges Defendant, by and through Griffin, selected work release employees who "had not been there working for the Defendant as long as he had." *Id*. Plaintiff claims this as "an unjust denial of work assignments." *Id.*

Defendant's summary judgment record includes a declaration from their Human Resources Manager, Amy Ward. ECF No. 62-5. Ms. Ward's affidavit and attached documentation show the work release staff who worked overtime the most were those who had been working for Defendant the longest. Additionally, Plaintiff's deposition testimony indicated he was even unsure if Defendant was required to provide him with overtime opportunities. ECF No. 62-1, Pgs. 25-27.

For the reasons stated above, the Court finds Plaintiff has failed to establish a claim for hostile work environment.

### **B. Unlawful Retaliation**

The Defendant also moves for summary judgment on Plaintiff's retaliation claim. ECF No. 60. Plaintiff must make a prima facie case of unlawful retaliation by demonstrating that: (1) he engaged in statutorily protected conduct; (2) he suffered an adverse employment action; and (3) a causal connection exists between the two. *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 851 (8th Cir. 2005).

Upon review, the Court finds Plaintiff has not demonstrated a triable issue of fact exists as to any of these three elements. First, Plaintiff does not demonstrate what "protected activity" he engaged in that resulted in alleged retaliation. "Protected activity" is a defined term. To qualify as a "protected activity," Plaintiff must engage in some type of activity that opposes an employment practice made unlawful by Title VII. *See* 42 U.S.C. § 2000e–3 (1972).

Plaintiff sets forth his claim for unlawful retaliation detailing a series of events that occurred on June 9 through 11, 2018. ECF No. 1, Pgs. 14-24. In reviewing these allegations and the evidence presented, Plaintiff fails to establish, with proper summary judgment evidence, that he was engaged in a legally protected activity. In fact, Plaintiff affirmatively pleads he did not engage in such activity. According to Plaintiff's Complaint, he and two of his co-workers decided they were going to inform the Plant Manager about all the obscene and racially derogatory statements and actions their supervisor Griffin had committed against them; however, they never actually took any action. *Id* at 14. Plaintiff also alleges he overheard statements made by co-workers to their supervisor about statements made by Griffin. These events also fail to establish that Plaintiff was engaged in a legally protected activity. *Id.* at 15.

Likewise, for the second and third requirements, Plaintiff has not demonstrated a "adverse employment action" or a "causal connection." Indeed, the only summary judgment evidence

Plaintiff has provided is his uncorroborated affidavit. ECF No. 64, Pgs. 4-16. Such evidence is not sufficient to create a triable fact issue on retaliation. *See Gibson v. American Greetings Corp.,* 670 F.3d 844, 857 (8th Cir.2012) (holding "[a] party's unsupported self-serving allegation that her employer's decision was based on retaliation does not establish a genuine issue of material fact").

Accordingly, the Court also finds summary judgment is appropriate for Plaintiff's retaliation claim.

**4. Conclusion:**

Based upon the foregoing, the Court recommends Defendant's Motion for Summary Judgment (ECF No. 60) should be **GRANTED** and Plaintiff's case should be dismissed with prejudice.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**DATED this 11th day of March 2021.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE